BERNSTEIN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    March 3, 1911.)

1. MUNICIPAL CORPORATIONS (§ 356*)—CONTRACTS—ARCHITECTS—RIGHT TO COMPENSATION.

Architects' contract to furnish plans for a municipal building, provid-ing that the preliminary plans should be revised to meet a commission-er's requirements, and that the estimated cost, including architects' fees, etc., should not exceed $48,000, "the funds available for said building," bound the architects to keep within that amount in the definite as well as the preliminary plans, notwithstanding any direction by the commis-sioner involving a greater cost; he and the architects being bound by the appropriation.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 356.*]

2. MUNICIPAL CORPORATIONS (§ 363*)—CONTRACTS—ARCHITECTS—RIGHT TO COMPENSATION.

Architects' contract to furnish plans for a municipal building provided for a payment of 1 per cent. on completion of the drawings, etc., called for in a certain clause of the contract, which required that the estimated cost of the building should be within $48,000, and provided that the pre-liminary plans should be revised to meet a commissioner's requirements. The plans were abandoned, because, as so revised, they called for a building costing much more than $48,000. *Held*, that the architects are not entitled to the 1 per cent. fee provided for in the contract.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 363.*]

Appeal from Trial Term, Kings County.

Action by Michael Bernstein and another against the City of New York. Judgment dismissing the complaint, and plaintiffs appeal. Af-firmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

William L. Bowman, for appellants.

Clarence L. Barber (Theodore Connoly, on the brief), for respond-ent.

CARR, J.    The plaintiffs sued upon a written contract to recover fees, agreed upon therein, for services as architects in preparing plans and specifications for the erection of a pumping station in the borough of Brooklyn. They alleged that the contract in question was modified in some of its terms after its execution, and alleged performance thereof on their part as so modified.. The main allegations of their complaint were denied. At the trial one of the plaintiffs took the stand, and the contract in question, as it stood in its original form, was put in evidence. Before this witness proceeded in his testimony to any extent, the defendant moved to dismiss the complaint upon its face and upon such evidence as had been given already. The mo-tion was granted, and judgment entered thereon against the plaintiffs. From this judgment they now appeal.

Under the written contract by clause 3 the plaintiffs were to pre-pare first "preliminary studies and specifications, together with an es-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

timate of the cost of the said building or structure." This clause further provided as follows:

"If the said preliminary drawings, specifications, and estimate are not satisfactory to and approved by the commissioner. [of water supply], then the architect shall and will revise and correct the same so as to conform to the suggestions, criticisms, and requirements of the commissioner, and so that the estimated cost, including architect's fees and the cost of surveys and inspection, shall be well within the sum of forty-eight thousand dollars ($48,000), the funds available for the said building or structure."

The plaintiffs claimed that they did furnish preliminary plans and drawings for a structure the estimated cost of which was well within the sum of $48,000. This fact was assumed as true on the trial. The contract provided that, on the completion of these preliminary plans and specifications, the architects were to become entitled to a payment from the defendant of an amount equal to 1 per cent. of the estimated cost of the work. The plaintiffs claimed that the commissioner of water supply did not approve these preliminary plans and specifications, but directed them to prepare further plans and specifications, embracing many features not to be found in the preliminary plans and drawings, and which necessarily increased the estimated cost of the building considerably beyond the sum of $48,000. They contended that they so notified the commissioner when he directed the inclusion of these new features in the definite plans and specifications for the buildings, and they urge that his direction to them, with such notice, created a modification of that part of the contract which required their definite plans and specifications to be well within the sum of $48,000, which amount was available for the total cost of the contemplated structure. The plans, so prepared at the direction of the commissioner of water supply, were approved by him and bids solicited thereon, according to the provisions of law. The lowest bid received was in the sum of $66,427. No contract was awarded, and no building erected, under the plans in question.

The contract provided practically that if the contemplated work should be abandoned before a contract was made for the erection of the building, and after bids had been received on the definite plans and specifications, the architects should receive compensation to the extent of 2½ per cent. on the amount of the lowest bid, "or, in the absence of such bid, on the estimated cost of the said works or buildings, which estimated cost shall not exceed the appropriation or fund available for the said buildings or structures." The appropriation. or fund as available was stated in the contract to be the sum of $48,-000. The trial court was of opinion that the contract bound the plaintiffs to keep within this amount, not only in the preliminary drawings and plans, but also in the definite plans and specifications, notwithstanding any direction of the commissioner of water supply as to changes or additions to be made in the preparation of the definite plans and specifications. This opinion was well founded, as the contract clearly indicates that the amount appropriated for the building was not to be exceeded in determining the basis of the architects' compensation. There is no contention that there was any larger ap-

propriation. The amount of the appropriation bound both the plaintiffs and the commissioner of water supply.

It is urged, however, that the plaintiffs are entitled to recover at least an amount equal to 1 per cent. on the original estimate cost for furnishing preliminary plans and specifications under clause 3 of the contract. It is true that clause 15 provides for a payment of 1 per cent. "upon the *completion* of the drawings and specifications called for in clause 3." But the drawings and specifications called for by that clause required, not only that such drawings and specifications should provide for a building the estimated cost of which should be within $48,000, but that they should be approved by the commissioner, and, if not so approved, should be revised until they did meet his approval, and as so revised and approved should be within the limit of cost of $48,000. Concededly the plaintiffs did not perform their written contract, even to this extent.

The judgment should be affirmed, with costs. All concur.